Madeline VAN WAGENEN,
Plaintiff—Appellant,

v.

John ASHCROFT, Attorney General,
Defendant—Appellee.

No. 02–55807.

D.C. No. CV–98–06377–ABC–2.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided July 8, 2004.

Madeline Van Wagenen, Laguna Niguel, CA, pro se.

Mary A. Lehman, Tammy J. Cirigliano, Esq., Law Office of Mary A. Lehman, Coronado, CA, for Plaintiff–Appellant.

Robyn–Marie Lyon Monteleone, Esq., Suzanne H. Segal, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

* This disposition is not appropriate for publication and may not be cited to or by the courts

Before TROTT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Madeline Van Wagenen appeals the district court's grant of judgment against her after a bench trial. Because the parties are familiar with the facts and procedural history of this case, we will not recount them here.

In our initial consideration of this case, we reversed the district court's grant of summary judgment because there were was "a genuine issue of material fact as to whether the defendant's preferred nondiscriminatory explanation for its adverse employment decision was pretextual." *Van Wagenen v. Reno*, 246 F.3d 678 (9th Cir. 2000) (unpublished disposition). The district court conducted a bench trial and issued thorough findings of fact and conclusions of law. After a careful review of the record, we conclude there were no clear errors in the findings of fact. Most crucially, the district court's finding that Dona Coultice's testimony was credible and that Coultice reasonably understood Van Wagenen to not want the six month extension was not clearly erroneous. Plaintiff urges a different, and plausible, construction of the testimony. However, it is not our function on appeal to revisit factual findings absent clear error.

Plaintiff contends that the district court inappropriately applied the *McDonnell Douglas* burden shifting framework to Van Wagenen's claim because her case is gov-

of this circuit except as provided by Ninth Circuit Rule 36–3.

erned by *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158 (9th Cir.2003). However, plaintiff did not pursue a *Holly D.* theory at trial; therefore, the district court did not err in not considering it. We decline to consider the issue for the first time on appeal. *Balser v. Dep't of Justice*, 327 F.3d 903, 908 (9th Cir.2003).

The district court did not err in applying the *McDonnell Douglas* burden shifting framework to Van Wagenen's claim that the termination had a discriminatory motive-namely, retaliation by O'Reilly when their relationship ended. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 516, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (" '[P]lacing this burden of production on the defendant thus serves . . . to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext.' ") (quoting *Tex. Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 255–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)) (second alteration in original). Indeed, in our prior decision in this case, we explicitly remanded the case so that the district court could consider evidence of pretext under *McDonnell Douglas.*

We decline to consider Plaintiff's remaining theories because they were asserted for the first time on appeal. *Balser*, 327 F.3d at 908.

**AFFIRMED.**